IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIANGANG CHEN, LING ZHAO,

    Plaintiff,                             CIV S-07-0093 GEB EFB PS

    vs.

MICHAEL CHERTOFF, et al.,           <u>FINDINGS & RECOMMENDATIONS</u>

    Defendants.
_____/

       This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs Jiangang Chen and Ling Zhao seek to compel defendants to expedite adjudication of their applications to adjust their status to that of lawful permanent resident. The named defendants are government officials who are either in the United States Citizenship and Immigration Service ("USCIS"), or who have responsibilities relating to that agency.[1] Defendants move to dismiss

---

[1] The defendants are: (1) Michael Chertoff, Secretary of the Department of Homeland Security ("DHS"), who oversees USCIS; (2) Robert S. Mueller, III, Director of the Federal Bureau of Investigations ("FBI"), who is responsible for investigating aliens that apply for immigration benefits; (3) Emilio T. Gonzales, Director of USCIS, who is charged with adjudicating applications for permanent residence; and (4) Christina Poulos, Acting Director of the California Service Center of USCIS, who is also charged with applications for permanent residence. Compl., at ¶¶ 3-6.

this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Having considered the motion, plaintiffs' opposition thereto, and defendants' reply brief, the court makes the following findings and recommendations.  As discussed below, the court recommends that defendants' motion to dismiss be granted and the case be dismissed for lack of subject matter jurisdiction.

I.  BACKGROUND

On March 24, 2005, plaintiff Jiangang Chen filed an I-140 application ("Immigrant Petition for Alien Worker"), which was approved on March 24, 2005.  Compl. at ¶ 10.  On August 19, 2004, both Jiangang Chen and his wife, Ling Zhao (referred to collectively as "plaintiffs") filed individual Form I-485 applications to adjust their status to that of a lawful permanent resident ("LPR").  Compl. at ¶ 11.  After receiving notification that their applications were delayed, plaintiffs continued to inquire about the status of their applications, and were eventually advised that plaintiff Jiangang Chen's FBI Name Check had not yet been completed. Compl. at ¶ 13.  Plaintiffs allege that as of April 24, 2007, their I-485 applications have been pending for two years and seven months.

In light of such delay, plaintiffs filed this action on January 16, 2007, seeking to compel defendants to complete adjudication of their I-485 applications.  Plaintiffs allege jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701, *et seq*., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Defendants move to dismiss, arguing that the court lacks jurisdiction to grant plaintiffs' request for mandamus under 28 U.S.C. § 1361, or the APA.

////

////

////

////

I. ANALYSIS

   A. Standards

      1. Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction, and are only authorized to adjudicate those cases which the Constitution and the laws of Congress permit. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen*, 511 U.S. at 376-78; *Stock W., Inc. v. Confederated Tribes of Colvill Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

In a motion to dismiss for lack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The court is free to consider evidence such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. Consideration of material outside the pleadings do not necessarily convert a Rule 12(b)(1) motion into one for summary judgment. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).

      2. Rule 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. Spalding*, 467 U.S. 69, 74 (1984) (citing *Conley v. Gibson*, 355 U.S. 41 (1957); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint. *Hosp. Bldg. Co. v. Rex. Hosp. Trs.*, 425 U.S. 738, 740 (1976); *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In a case where plaintiff is proceeding pro se, the court has an obligation to construe the pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

B.  Subject Matter Jurisdiction

Plaintiffs allege federal jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, the APA, 5 U.S.C. §§ 701, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Defendants move to dismiss, arguing that the court lacks jurisdiction to grant plaintiffs' request for mandamus under 28 U.S.C. § 1361, because the plaintiffs are not owed a clear duty and defendants' acts are discretionary. Defendants also submit that the APA explicitly precludes judicial review of the matters committed to agency discretion.

1.  Declaratory Judgments Act

As a preliminary matter, the court rejects plaintiffs' contention that the Declaratory Judgment Act ("Act"), 28 U.S.C. §§ 2201 *et seq.*, serves as an independent basis for jurisdiction. Compl., at ¶ 7. The Act does not, in itself, confer or expand the jurisdiction of the federal courts. *Converse v. Udall*, 399 F.2d 616, 618 (9th Cir. 1968). Rather, "where jurisdiction exists, the Act is intended to allow earlier access to federal courts in order to spare potential defendants from

the threat of impending litigation." *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996). As discussed below, the court finds that plaintiffs have failed to establish subject matter jurisdiction. Accordingly, the plaintiffs are not entitled to relief under the Act.

### 2. Mandamus Jurisdiction

The Mandamus Act provides the district courts with original jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (citing *Will v. United States*, 389 U.S. 90, 95 (1967)).

Mandamus is "available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 1078, 1084 (9th Cir. 1998)). Mandamus cannot be used to compel or review discretionary acts of government officials. *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983); *Wilmor v. Boyle*, 403 F.2d 811, 816 (9th Cir. 1968).

Here, plaintiffs seek to compel defendants to expedite adjudication of their I-485 applications. Compl. at ¶ 20. Adjudication of such applications is governed by section 245 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1255. Section 1255(a) provides that an alien's status "*may* be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a) (emphasis added). Further, section 242 of the Act, codified at 1252(a)(2)(B), provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . *no court shall have jurisdiction to review–*
>
> (i) *any judgment regarding the granting of relief under section . . . 1255*, or

5

> (ii) *any other decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 USCS §§ 1151 et seq.] to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B) (emphasis added). This statutory framework puts adjustment of an alien's status within the discretion of the Attorney General and designated agencies.

Plaintiffs do not dispute that the ultimate determination on their applications is within defendants' discretion. Rather, they argue that the defendants are without discretion to unreasonably delay the adjudication of their applications, and that the court therefore has mandamus jurisdiction to expedite adjudication. The statutory provisions, however, contain no time limit for adjudicating I-485 applications. Neither does the relevant regulatory framework impose a specified time limit on USCIS's adjudication of the application. *See* 8 C.F.R. §§ 245, *et seq.*

Before an I-485 application can be adjudicated, USCIS must conduct numerous criminal and security background checks. *See* Defs.' Mot. to Dism., Ex. 1, Decl. of Gerald McMahon ("McMahon Decl."), at ¶ 3. These checks include (1) an FBI name check, (2) an FBI fingerprint check, and (3) an Interagency Border Inspection System name check. *Id.*, at ¶ 4. Neither party cites to a statute or regulation governing the time within which these checks must be completed.

Plaintiffs do, however, cite to section 555(b) of the APA, arguing that it imposes a "reasonable time" requirement for the adjudication of their applications. *See* Pls.' Opp'n to Defs.' Mot. to Dism., at ¶ 3; 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it.")(emphasis added). Plaintiffs argue that this "reasonable time" limitation on adjudication is nondiscretionary, and that defendants can therefore be compelled under the mandamus statute to complete adjudication.

Indeed, several courts have found that the pace at which USCIS adjudicates I-485 applications is nondiscretionary. For example, plaintiffs cite, among other cases, *Razaq v.*

*Poulos*, No. C-06-2461 (WDB), 2007 U.S. Dist. LEXIS 770, at *12 (N.D. Cal. Jan. 8, 2007), in which the court held that mandamus jurisdiction was appropriate because "the absence of a statutorily specified deadline, by itself, [does not ] change[] the character of the government's duty from ministerial to discretionary." *See also*, *Liu Duan v. Zamberry*, No. 06-1351 2007 U.S. Dist. LEXIS 12697, at *13 (W.D. Pa. Feb. 23, 2007) ("jurisdiction is proper under the APA and 28 U.S.C. § 1331 to compel the INS to adjudicate an application for adjustment to permanent status"); *Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999) ("[A]djudication must occur within a reasonable time. A contrary position would permit [indefinite delay]. Congress could not have intended to authorize potentially interminable delays."); *Aboushaban v. Mueller*, No. C 06-1280 (BZ), 2006 U.S. Dist. LEXIS 81076, at *4-5 (N.D. Cal. Oct. 24, 2006) (defendants have a duty to adjudicate plaintiff's application, and to do so within a reasonable time).

However, the matter is far from settled. Other courts have held that the statutory framework precludes judicial review of the pace at which the government reviews change of status applications. *See*, *e.g.*, *Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1353 (S.D. Fla. 2007) (holding that 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of the pace at which an adjustment of status application is processed, not merely USCIS's ultimate decision on the issue); *Safadi v. Howard*, 466 F. Supp. 2d 696, 698 (E.D. Va. 2006) (holding that § 1252(a)(2)(B) precludes judicial review of *any* discretionary decision or action of USCIS, including the pace at which adjustment applications proceed) (emphasis added).

Recently, a judge in this district considered the issue, and held that the pace at which USCIS adjudicates I-485 applications is discretionary. *Jiuru Hu v. Chertoff*, No. CIV. S-06-2805 (WBS EFB), 2007 U.S. Dist. LEXIS 40489, at *12 (E.D. Cal. May 21, 2007)(Shubb, J.). The court relied in part on the decision in *Li v. Chertoff*, 482 F. Supp. 2d 1172 (S.D. Cal. 2007). In *Li*, the court held that "as long as USCIS is making reasonable efforts to complete the adjudication, the pace required to complete that process is committed to USCIS's discretion." *Id.*, at 1178. Because the court found that USCIS was making reasonable efforts in that case, it

7

1 determined that it had no subject matter jurisdiction to entertain plaintiff's mandamus petition.
2 *Id.*

3   In *Jiuru Hu*, the court reasoned that the case before it did not present a situation where
4 USCIS had refused to take any action to process the LPR application or where the delay equated
5 to a refusal to process the application altogether. *Jiuru Hu*, 2007 U.S. Dist. LEXIS 40489, at
6 *12.  The court commented that

> "[s]hould the USCIS refuse to take any steps whatsoever to resolve a LPR application or employ procedures such that no decision will issue, it might legitimately be said that the agency's inaction was not the result of an exercise of discretion at all.  The agency would then not be operating within its statutory discretion at all but rather abdicating its statutory duty to adjudicate applications, and under those circumstances this court could have jurisdiction to review the agency's actions."

12 *Id.*, at *12-13 (citing *Adams v. Richardson*, 480 F.2d 1159 (D.C. Cir. 1973) (en banc)).

13   The facts in *Jiuru Hu* are nearly identical to those presented here.  Plaintiffs, like those in
14 *Jiuru Hu*, filed LPR applications in August 2004.  *Id.*, at *2-3.  Here too, plaintiffs were advised
15 that action had been taken on their applications, but that they were still pending.  *Id.*  In both
16 cases, the delay was not the result of a complete abdication of the USCIS's duty to adjudicate the
17 application.  *Id.*, at *13;  McMahon Decl., at ¶ 14 (averring that plaintiff Chen's security checks
18 are still pending, and that those for plaintiff Zhao, although complete, are dependent upon
19 completion of Chen's).

20   This court agrees with the reasoning in *Jiuru Hu* that delays such as the one in this case
21 are more appropriately within the purview of the political branches of government.  *Jiuru Hu*,
22 2007 U.S. Dist. LEXIS 40489, at * 14 (citing *Mathews v. Diaz*, 426 U.S. 67, 81 (1976)
23 (reasoning that because matters of alien status classification implicate our relations with foreign
24 powers, they are often more appropriately decided by the executive and legislative branches)).
25 ////
26 ////

As noted in *Jiuru Hu*, if delays in adjudicating change in status applications becomes "systematically problematic, the political branches retain the power to allocate additional resources to USCIS and the FBI to alleviate that problem." *Jiuru Hu*, 2007 U.S. Dist. LEXIS 40489, at * 15.

Finally, the court reiterates the extraordinary nature of mandamus. Mandamus relief is appropriate "only when (1) the plaintiff's claim is clear and certain; (2) the official's duty to act is ministerial and, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (quoting *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986) (internal quotations omitted)). If anything, the papers filed by plaintiffs in this case make clear that there is an ongoing debate among the courts as to the nature of the defendants' "duty" in adjudicating adjustment of status applications, i.e., whether the pace at which the duty is executed is discretionary or nondiscretionary. Here, plaintiffs have not shown that defendants' duty is "so plainly prescribed as to be free from doubt." This court agrees with the holding in *Jiuru Hu*, and finds that the duty is discretionary and therefore cannot be compelled by a writ of mandamus.

### 3. APA

The court likewise lacks authority to judicially review defendants' actions under the APA. As cited above, the APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

Section 706(1) of the APA authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take "a *discrete* agency action that it is *required to take.*" *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original). The APA explicitly exempts from judicial review those actions "committed to the agency discretion by law." 5 U.S.C. 701(a).

As discussed above, the court finds that although defendants are required to adjudicate change of status applications, the pace of adjudication is committed to defendants' discretion.

Moreover, "review is not to be had if the statute is drawn so that the court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). As discussed above, the relevant statutes and regulations are notably devoid of time limitations on adjudicating change of status applications. In contrast with other immigration laws, such as 8 U.S.C. § 1447(b) (requiring adjudication of naturalization applications 120 days after examination), the provisions at issue in this case contain no specific time frame for adjudication. Plaintiffs draw the "reasonable time" standard from the APA and not from the substantive immigration statutes and regulations.

The court finds the "reasonable time" standard drawn from § 555(b) to be insufficient to guide a meaningful review of the agency's action, especially where the agency awaits necessary background and security information on plaintiffs. Moreover, the language of 8 U.S.C. § 1252(a)(2)(B), specifically precludes judicial review of the pace at which plaintiffs' I-485 applications are adjudicated.

This is not to say that the agency is free to take no action at all. As Judge Shubb observed in *Jiuru Hu*, should the delay at some point become a failure to act at all to resolve the LPR application or employ procedures such that no decision will issue, the failure to exercise discretion may itself become an abuse of discretion.

III. CONCLUSION

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be granted; and,

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written

10

1  objections with the court and serve a copy on all parties. Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
3  shall be served and filed within ten (10) days after service of the objections. The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
6  951 F.2d 1153, 1157 (9th Cir. 1991).

7  DATED: August 20, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE